UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| PAT L. DORRANCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:06-cv-61 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| _____ | ) | |

      This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a partially favorable final decision of the Commissioner of Social Security. On February 13, 2007, Magistrate Judge Joseph G. Scoville issued a 16-page report and recommendation recommending that the Commissioner's decision be affirmed "virtually in its entirety, except the Commissioner's determination that plaintiff was not disabled during the three-day period of December 29, 30 and 31, 2003." (Report and Recommendation at 2-3, docket # 12). He recommended that the Commissioner's decision with regard to those three days be vacated and that the matter be remanded to the Commissioner. He found that there was more than substantial evidence supporting the Commissioner's decision finding that plaintiff was not disabled on and after January 1, 2004 because plaintiff had been performing substantial gainful activity. The matter is now before the court for *de novo* review pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on the objections filed by both parties. (docket #'s 13, 14).

Defendant objects to the portion of the report and recommendation recommending remand to the Commissioner. Defendant states that remand is unnecessary because plaintiff was entitled to benefit payments for the entire month her disability ended (regardless of the date). Plaintiff was not only entitled to benefit payments through the end of December 2003, she was also entitled to continued benefit payments through January and February of 2004, the first two months after plaintiff's disability ended. (docket # 13 at 3, citing 20 C.F.R. § 404.316(b)(3)). The court agrees that remand is unnecessary, and this limited portion of the report and recommendation will be rejected.

Plaintiff objects to the report and recommendation on the basis that there is "substantial evidence on the record to rebut the presumption that Plaintiff's work during [the] period [of January 1, 2004 through February 25, 2005] based on the above average earnings was substantial gainful activity to preclude an award of benefits." (docket # 13 at 1-2). The court disagrees. Even if plaintiff was correct in the assertion that the record contains sufficient evidence to support a finding by the ALJ that the presumption of non-disability had been rebutted, plaintiff's argument would not provide a basis for disturbing the Commissioner's decision. The law is quite clear that the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *See Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001). The court finds that there is more than substantial evidence supporting the Commissioner's determination that plaintiff was not disabled during the period of January 1, 2004 through February 25, 2005.

## Conclusion

Upon *de novo* review, the court agrees with defendant's objection that remand is unnecessary. The limited portion of the report and recommendation recommending remand to the

Commissioner will be rejected. The court will overrule plaintiff's objection and adopt the remainder of the report and recommendation. The Commissioner's decision will be affirmed.


Date:    March 30, 2007                             /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    CHIEF UNITED STATES DISTRICT JUDGE